**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS SALTOS JARAMILLO,<br><br>    Plaintiff,<br><br>-against-<br><br>NYC AMERICAN MANAGEMENT INC., AND 37-68 97th STREET LLC,<br><br>    Defendants. | **Case #1:22-CV-04493-BMC**<br><br>**ANSWER TO COMPLAINT** |

  Defendants NYC American Management Inc. and 37-68 97th Street LLC (collectively "Defendants"), by and through their undersigned counsel Greenwald Doherty LLP, state the following as and for their Answer to the Complaint of Plaintiff Luis Saltos Jaramillo ("Plaintiff") (the "Complaint"):

## NATURE OF THE ACTION

  1. Paragraph 1 of the Complaint is a statement of Plaintiff's legal claims to which no response is required. To the extent this paragraph contains any factual allegations, Defendants deny each and every factual allegation contained therein.

  2. Paragraph 2 of the Complaint is a statement of Plaintiff's legal claims to which no response is required. To the extent this paragraph contains any factual allegations, Defendants deny each and every factual allegation contained therein.

  3. Paragraph 3 of the Complaint is a statement of Plaintiff's legal claims to which no response is required. To the extent this paragraph contains any factual allegations, Defendants deny each and every factual allegation contained therein.

## JURISDICTION AND VENUE

4. Defendants admit that Plaintiff invokes the jurisdiction of the Court pursuant to the statutes referenced in Paragraph 4 of the Complaint. To the extent this paragraph contains any factual allegations, Defendants deny each and every factual allegation contained therein.

5. Defendants admit that venue of this matter is proper. To the extent Paragraph 5 of the Complaint contains any factual allegations, Defendants deny each and every factual allegation contained therein.

6. Paragraph 6 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, deny the allegations in Paragraph 6 of the Complaint.

## THE PARTIES

7. Admit upon information and belief the truth of the allegations set forth in Paragraph 7 of the Complaint, except deny information sufficient to form a belief as to the location of Plaintiff's residence.

8. Deny the allegations set forth in Paragraph 8 of the Complaint, except admit that Defendant NYC American Management Inc. is a business corporation formed under the laws of the State of New York that managed the building in which Plaintiff worked.

9. Deny the allegations set forth in Paragraph 9 of the Complaint, except admit that Defendant 37-68 97th Street LLC is a limited liability company formed under the laws of the State of New York that owns the building located at 37-68 97th Street, Corona, New York 11368.

10. Deny the allegations set forth in Paragraph 10 of the Complaint.

11. Deny the allegations set forth in Paragraph 11 of the Complaint.

## STATEMENT OF FACTS

12. Deny the allegations set forth in Paragraph 12 of the Complaint.

13. Deny the allegations set forth in Paragraph 13 of the Complaint.

14. Deny the allegations set forth in Paragraph 14 of the Complaint, except admit that Plaintiff was employed by Defendant NYC American Management Inc. until his termination on July 12, 2022.

15. Deny the allegations set forth in Paragraph 15 of the Complaint.

16. Deny the allegations set forth in Paragraph 16 of the Complaint.

17. Deny the allegations set forth in Paragraph 17 of the Complaint.

18. Deny the allegations set forth in Paragraph 18 of the Complaint, except admit that Plaintiff received overtime pay.

19. Deny the allegations set forth in Paragraph 19 of the Complaint.

20. Deny the allegations set forth in Paragraph 20 of the Complaint.

21. Deny the allegations set forth in Paragraph 21 of the Complaint.

22. Deny the allegations set forth in Paragraph 22 of the Complaint.

23. Deny the allegations set forth in Paragraph 23 of the Complaint.

24. Admit the allegations set forth in Paragraph 24 of the Complaint.

25. Deny the allegations set forth in Paragraph 25 of the Complaint.

26. Deny the allegations set forth in Paragraph 26 of the Complaint.

27. Deny the allegations set forth in Paragraph 27 of the Complaint.

28. Deny the allegations set forth in Paragraph 28 of the Complaint.

29. Deny the allegations set forth in Paragraph 29 of the Complaint.

30. Deny the allegations set forth in Paragraph 30 of the Complaint.

31. Deny the allegations set forth in Paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – 29 U.S.C. 201 et seq.

34. Defendants repeat and incorporate by reference each response to Paragraphs 1 through 33 of the Complaint.

35. Paragraph 35 of the Complaint asserts a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint asserts a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations in Paragraph 36 of the Complaint.

37. Deny the allegations set forth in Paragraph 37 of the Complaint.

38. Deny the allegations set forth in Paragraph 38 of the Complaint.

39. Deny the allegations in Paragraph 39 of the Complaint and deny that Plaintiff is entitled to the relief requested in Paragraph 39 of the Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et seq. AND 12 NYCRR 142, 141 etc. (Unpaid Overtime)

40. Defendants repeat and incorporate by reference each response to Paragraphs 1 through 39 of the Complaint.

41. Paragraph 41 of the Complaint asserts a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations in Paragraph 41 of the Complaint.

42. Deny the allegations in Paragraph 42 of the Complaint.

43. Deny the allegations in Paragraph 43 of the Complaint.

44. Deny the allegations in Paragraph 44 of the Complaint and deny that Plaintiff is entitled to the relief requested in Paragraph 44 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

45. Defendants repeat and incorporate by reference each response to Paragraphs 1 through 44 of the Complaint.

46. Paragraph 46 of the Complaint asserts a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations in Paragraph 46 of the Complaint.

47. Deny the allegations in Paragraph 47 of the Complaint.

48. Deny the allegations in Paragraph 48 of the Complaint.

49. Deny the allegations in Paragraph 49 of the Complaint.

50. Deny the allegations in Paragraph 50 of the Complaint and deny that Plaintiff is entitled to the relief requested in Paragraph 50 of the Complaint.

## PRAYER FOR RELIEF

51. Deny that Plaintiff is entitled to the relief requested in Paragraph 51 of the Complaint.

52. Deny that Plaintiff is entitled to the relief requested in Paragraph 52 of the Complaint.

53. Deny that Plaintiff is entitled to the relief requested in Paragraph 53 of the Complaint.

54. Deny that Plaintiff is entitled to the relief requested in Paragraph 54 of the Complaint.

55. Deny that Plaintiff is entitled to the relief requested in Paragraph 55 of the Complaint.

56. Deny that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

### **Second Affirmative Defense**

Plaintiff's claims under the NYLL are barred for lack of supplemental and pendent jurisdiction.

### **Third Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### **Fourth Affirmative Defense**

At all times and without admitting liability for any acts or omissions alleged, Defendants acted in good faith and had reasonable grounds for believing their actions complied with the FLSA and NYLL.

### **Fifth Affirmative Defense**

Defendants did not show reckless disregard for whether their conduct was prohibited by the FLSA or NYLL.

### Sixth Affirmative Defense

Plaintiff cannot establish that Defendants engaged in willful conduct within the meaning the FLSA or NYLL.

### Seventh Affirmative Defense

Any damages suffered were the result of Plaintiff's failure to comply with the reasonable expectations of Defendants and/or follow Defendants' reasonable instructions and/or policies.

### Eighth Affirmative Defense

Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the FLSA and NYLL.

### Ninth Affirmative Defense

Plaintiff is not entitled to compensation for any periods he was not engaged to work.

### Tenth Affirmative Defense

To the extent Plaintiff is entitled to any additional compensation, which Defendants deny, such additional compensation must be offset by the amount of any compensation Plaintiff received from Defendants in excess of the compensation to which he was legally entitled for the work performed, including but not limited to, hours paid for time in which no work was performed or in which Plaintiff was not engaged to work.

### Eleventh Affirmative Defense

Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

**Twelfth Affirmative Defense**

Plaintiff, through his own misconduct—including improperly retaining profits derived from the unauthorized commercial use of premises owned by Defendants and other misconduct that constitutes disloyal behavior and otherwise breached his duty of fidelity—forfeited compensation already paid to him and any that is allegedly due during the period of his faithlessness.

**Thirteenth Affirmative Defense**

Any lodging offered to Plaintiff should not be included in the calculation of his regular rate of pay for any period in which Plaintiff used the premises improperly or in a manner that violated his fiduciary duties to Defendants.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred by the equitable doctrines of unclean hands, estoppel, waiver or laches.

**Fifteenth Affirmative Defense**

Plaintiff seeks, in whole or in part, double recovery through the claims stated in his Complaint.

**Sixteenth Affirmative Defense**

The relief that Plaintiff seeks in the Complaint is barred in whole or in part because Plaintiff lacks standing to obtain such relief.

**Seventeenth Affirmative Defense**

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### **Eighteenth Affirmative Defense**

Defendants may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet concluded. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

### **JURY TRIAL DEMAND**

Defendants demand a trial by jury.

**WHEREFORE**, Defendants respectfully request the Court enter an Order that:

A. Dismisses Plaintiff's claims in their entirety and enters judgment in favor of Defendants;

B. Awards all defense costs to Defendants, including reasonable attorneys' fees; and

C. Grants all other legal and equitable relief that this Court deems just and proper.

Dated: September 7, 2022
Orangeburg, NY

**GREENWALD DOHERTY LLP**

By: /s/ *George Vallas*
George D. Vallas Esq.
30 Ramland Road, Suite 201
Orangeburg, New York 10962
GV@GreenwaldLLP.com
*Attorneys for NYC American Management, Inc. and 37-68 97th Street LLC*